UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-0733-H

THE CINCINNATI INSURANCE COMPANY            PLAINTIFF

V.

BARGAIN SUPPLY COMPANY, INC.            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Bargain Supply Company, Inc. ("Bargain Supply") purchased a commercial liability insurance policy from The Cincinnati Insurance Company ("Cincinnati"). That policy includes provisions obligating Cincinnati to provide legal defense and indemnification for Bargain Supply in certain lawsuits. There are, however, significant coverage exclusions. The issue here is whether one of those exclusions is applicable in these circumstances.

In 2010 Raphael Nunez, a California citizen, was injured while using an industrial saw at work. He believed that Bargain Supply was responsible for selling, manufacturing, or distributing the saw. So he brought suit against Bargain Supply in California state court. Initially, Cincinnati agreed to defend Bargain Supply. However, it believed Bargain Supply's insurance did not cover the lawsuit. Now that the California suit is at an impasse[1], Cincinnati would have this Court grant summary judgment and declare that it is not obligated to provide legal defense or indemnification.

---

[1] Cincinnati filed its complaint against Bargain Supply in federal court, seeking a declaratory judgment, early in the state court proceedings. It decided to hold off on the federal proceeding until the California state claim was resolved. The California trial court granted Bargain Supply's motion for summary judgment because it concluded that Bargain Supply was not responsible for the power tool at issue and, therefore, could not be liable for Nunez's injury. While the parties were waiting for Nunez to appeal that state court decision, Cincinnati decided to file the present motion for summary judgment.

I.

The facts in the light most favorable to Bargain Supply are as follows. Bargain Supply entered into an insurance agreement, Common Policy, Policy No. CPP 087 99 35, effective April 1, 2009 to April 1, 2012, that included Commercial General Liability (the "Policy") and Commercial Umbrella Liability Coverage ("Umbrella Coverage") provisions. The Policy states that "[Cincinnati] will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury'[2] or 'property damage' to which this insurance applies. [Cincinnati] will have the right and duty to defend the insured against any 'suit' seeking those damages." DN 1, Page ID # 54. It goes on to state, "[h]owever, [Cincinnati] will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which the insurance does not apply." *Id*. Among other things, the Policy excludes "directly imported power tools" from coverage. DN 1, Page ID # 66. The Umbrella Coverage provision also specifies that Cincinnati "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury'. . . for which this insurance does not apply." DN 1, Page ID # 79. Included amongst the Umbrella Coverage's exclusions are suits for bodily injury by directly imported power tools. DN 1, Page ID # 97.

Raphael Nunez worked with power tools. One day at work, while using a Northtech CS 18-10 saw, Nunez was injured. He later brought suit, *Nunez v. Bargain Supply Company, Inc., et. al.*, Sup. Ct. CA, Orange County, Case No. 30-2012-00545536, against Northtech Industrial Machinery, LCC ("Northtech") "and/or" Bargain Supply. Nunez alleged that the Taiwanese company Yuh Farn Machinery Co., Ltd. ("Yuh Farn") manufactured the saw in Taiwan then sold it to Northtech "and/or" Bargain Supply. In his complaint, Nunez referred to the tool as "the

---

[2] "Bodily injury" is defined as, "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

2

Northtech Machine." He further alleged that either Northtech or Bargain Supply sold the saw to California Woodworking Machinery Company "and/or" Cal Wood Machinery, Inc., which, finally, sold the saw to his employer, Custom Coolers, in 2006.

In its answer, Bargain Supply contended that Northtech, not Bargain Supply, was the U.S. retailer of the Northtech Machine. It has maintained during all proceedings that it never designed, manufactured, distributed, or marketed the saw. Bargain Supply moved for summary judgment in state court, arguing that it could not be liable for a machine it had no role in producing, selling, or marketing. Interestingly, Nunez admitted that Bargain Supply did not manufacture the Northtech Machine. Rather, he contended that Bargain Supply was legally responsible for the sale of Northtech goods because it renewed the Northtech trademark in 2001. He further alleged that Bargain Supply had taken credit for Northtech's products—that Bargain Supply had talked of them as if they were Bargain Supply's products—and that Bargain Supply and Northtech shared office space in Louisville, Kentucky.

The California court decided that Nunez's trademark and office-sharing evidence was insufficient to controvert Bargain Supply's evidence that it had no involvement in marketing or distribution. Therefore, the trial court granted summary judgment on the rationale that Bargain Supply could not be liable for a product it was not responsible for.

Meanwhile, when Nunez filed his suit against Bargain Supply, Bargain Supply sent notice to Cincinnati requesting Cincinnati to provide a defense. During their correspondence, Cincinnati made clear that it had reservations about defending Bargain Supply. First, Cincinnati felt Bargain Supply's notice might not have been timely under the terms of the Policy. More importantly, Cincinnati doubted that the Policy covered the Nunez claim. Cincinnati notified Bargain Supply that it would provide a defense for the time being, that it reserved its rights to

challenge its obligation to defend or indemnify Bargain Supply on the Nunez claim, and that it would continue to investigate the matter to determine if the Policy covered the claim.

Cincinnati filed suit with this Court in November 2012 seeking a declaration that it did not have to defend or indemnify Bargain Supply for the Nunez claim. Bargain Supply counterclaimed for a declaration that Cincinnati was required to pay. Cincinnati held its suit in abeyance while the California trial court worked its way through the matter, but it filed for summary judgment once the California court granted Bargain Supply's summary judgment, which removed Bargain Supply from liability under the Nunez claim. With the California proceeding awaiting Nunez's possible appeal, Cincinnati has filed for summary judgment in this Court asking the Court to declare that Cincinnati is not obligated under the terms of the Policy to defend or indemnify Bargain Supply for the Nunez claim.

II.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The interpretation of an insurance contract may be properly resolved as a matter of law. *See Bituminous Ca. Corp. v. Kenway Contracting, Inc.*, 240 S.W.3d 633, 638 (Ky. 2007). When deciding a motion for summary judgment, this Court must consider the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Viewing this case in the light most favorable to Bargain Supply, the non-movant, and drawing all reasonable inferences in its

favor, the Court concludes that genuine issues of material fact do not exist and grants Cincinnati's motion for summary judgment. *See Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

III.

The Policy's terms are unambiguous. Both it and the Umbrella Coverage provisions have language stating that Cincinnati "will have no duty to defend the insured against *any 'suit'* seeking damages for 'bodily injury' . . . to which the insurance does not apply." *See, e.g.*, DN 1, Page ID # 97. And both the Policy and the Umbrella Coverage provisions list bodily injury from directly imported power tools as coverage exclusions. *See, e.g.*, DN 1, Page ID # 66. Whether insurance provisions promising to defend an insured are triggered in a given case must be determined "at the outset of litigation by reference to the complaint and the known facts." *James Graham Brown Found., Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 279 (Ky. 1991) (internal quotations omitted). Duties to defend or indemnify an insured are precluded unless a complaint alleges a claim covered by the insurance agreement. *See Lenning v. Commercial Union Ins. Co., Inc.*, 260 F.3d 574, 581 (2001). Raphael Nunez filed a lawsuit against Bargain Supply alleging that a power tool Bargain Supply imported from a Taiwanese company caused him bodily injury. In other words, he seeks damages for a type of harm excluded under the Policy. The Policy does not cover the Nunez claim, and Cincinnati therefore does not have to defend or indemnify Bargain Supply for that claim. *See Id.* Nunez simply did not allege the type of claim that the Policy covers.

Bargain Supply protests that the reasonable expectation doctrine should apply in this case, and that the doctrine requires Cincinnati to defend and indemnify Bargain Supply. This doctrine holds that when ambiguous terms appear in an insurance policy, the ambiguity should

be resolved in favor of the insureds' reasonable expectations. *True v. Raines*, 99 S.W. 3d 439, 443 (Ky. 2003). Bargain Supply argues that it could have reasonably expected protection against the Nunez claim since it never imported, sold, or marketed the Northtech Machine. This misses the point. No ambiguity exists and so the reasonable expectation doctrine does not apply. The Policy does not make coverage contingent on the merits or plausibility of a lawsuit. It says unambiguously that *any* suit for bodily injury from imported power tools is excluded. As this is a suit alleging that Bargain Supply was liable for the bodily injuries caused by a power tool imported from Taiwan, the exclusions are triggered and the Policy does not require Cincinnati to defend or indemnify Bargain Supply.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is SUSTAINED, and it is hereby declared that The Cincinnati Insurance Company is not obligated to defend or indemnify the Defendant against claims brought by Raphael Nunez alleging bodily injury from a directly imported power tool.

This is a final order.

cc: Counsel of Record